IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TRENTON L. MCCORKLE,

　　　　　　　　　　　　Plaintiff,

　　　　v.　　　　　　　　　　　　　　　　　　　　OPINION and ORDER

DODGE CORR. INST., KATHERINE KASTEN, and　　　　　24-cv-605-jdp
JODI FIELDS,

　　　　　　　　　　　　Defendants.

---

　　　　Plaintiff Trenton L. McCorkle, proceeding without counsel, is incarcerated at Fox Lake Correctional Institution, but he was incarcerated at Dodge Correctional Institution (DCI) when the events at issue occurred. McCorkle alleges that defendants disregarded the risk that he would fall from a top bunk, and that they deprived him of medical care for the injuries caused by the fall. Dkt. 1.

　　　　Because McCorkle proceeds without prepaying the filing fee, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept McCorkle's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a claim upon which relief may be granted, but I will allow McCorkle to amend the complaint to fix that problem.

ALLEGATIONS OF FACT

McCorkle suffers from schizoaffective disorder depressive type, post-traumatic stress syndrome (PTSD), and PTSD night terrors. He takes psychotropic medications for those conditions. When he arrived at DCI, McCorkle told intake staff about his mental health problems and asked for a low bunk. McCorkle was told that he had to make his request for a low bunk during his primary physical examination, and he was assigned a top bunk in a cell with no emergency intercom. One night, McCorkle fell off the top bunk during a "PTSD episode" and seriously injured his back. Because there was no intercom, it took McCorkle's cellmate 30 minutes to get an officer to call for medical assistance. When defendant Nurse Kasten arrived, McCorkle was on the floor and saying that he was in severe pain. Kasten ordered officers to handcuff McCorkle behind his back and place him in a wheelchair. Kasten declined McCorkle's request to see a doctor or go to the hospital, saying that she didn't see a mark on his back and telling him that he would be seen the next day.

Defendant Nurse Fields saw McCorkle in four days after he filed several health services requests complaining that he was in pain and could barely walk. Fields issued Tylenol and ibuprofen for pain but denied McCorkle a wheelchair restriction.

ANALYSIS

McCorkle brings Eighth Amendment medical care and conscious-disregard-of-safety claims, and a Wisconsin-law medical negligence claim. McCorkle seeks damages and injunctive relief. I will not allow McCorkle to proceed on his requests for injunctive relief because he's no longer housed at DCI. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).

McCorkle names DCI, Kasten, and Fields as defendants. By "DCI," I take McCorkle to mean some unidentified DCI employees whom he faults for depriving him of his rights. I don't take McCorkle to sue the DCI itself and, even if he did, I wouldn't allow him to proceed against that entity for two reasons. First, a state prison is an improper defendant in a federal civil rights action. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Second, DCI would be entitled to sovereign immunity on the medical negligence claim. *See Mayhugh v. State*, 2015 WI 77, ¶ 3. My analysis will cover McCorkle's medical care, conscious-disregard-of-safety, and medical negligence claims for damages against individual defendants.

## A. Conscious disregard of safety

A prison official's conduct may violate the Eighth Amendment if "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). That means that the defendant knows of facts from which the inference could be drawn that a substantial risk of serious harm existed, and he actually drew that inference. *Id.* To prevail, McCorkle must also show that defendants' conscious disregard harmed him. *See Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020).

McCorkle alleges that he asked intake staff for a low bunk and told them about his mental health problems. But McCorkle hasn't alleged that he specifically told intake staff that he wanted a low bunk because those problems created a risk of falling from the top bunk. McCorkle's limited allegations don't suggest that intake staff thought that he would fall or otherwise injure himself if he received a top bunk. I will not allow McCorkle to proceed against intake staff based on these allegations.

McCorkle faults DCI staff for assigning him to a cell without an intercom. McCorkle alleges that, had his cell had an intercom, he would have received medical attention sooner

after he fell. But McCorkle hasn't alleged that intake staff could have assigned him to a cell with an intercom. *See Miller v. Harbaugh*, 698 F.3d 956, 962 (7th Cir. 2012) (defendants cannot be liable under 42 U.S.C. § 1983 "if the remedial step was not within their power"). Even if intake staff could have assigned McCorkle to a cell with an intercom, his allegations don't suggest that intake staff thought that the lack of an intercom would harm him. Also, McCorkle received medical attention 30 minutes after his fall, and there's no factual basis to infer that an intercom would have resulted in faster treatment. McCorkle's allegations don't suggest that the lack of an intercom caused an appreciable delay in his receiving medical attention. I will not allow McCorkle to proceed against intake staff based on these allegations.

McCorkle also seems to fault Kasten for ordering the officers to handcuff him behind his back before placing him in a wheelchair. But, as a general matter, it's appropriate to restrain a prisoner before placing him in a wheelchair. *Cf. McCottrell v. White*, 933 F.3d 651, 663 (7th Cir. 2019) ("Deference must be accorded to prison administrators in the adoption and execution of policies and practices that are needed to preserve order and ensure institutional security."). If McCorkle faults Kasten for not ordering the officers to handcuff him in the front, it's unclear from his allegations whether she thought that the officers could have performed that act. *See* Dkt. 1 at 4 (alleging that he told the officers that he couldn't move). In any case, McCorkle hasn't described how being handcuffed behind his back and placed in the wheelchair harmed him. I will not allow McCorkle to proceed against Kasten based on these allegations.

## B.  Medical care

The Eighth Amendment prohibits prison officials from consciously disregarding the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a

medical care claim, McCorkle must allege that he had an objectively serious medical condition that defendants consciously disregarded. *See Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017).

Conscious disregard requires that defendants are subjectively aware of that need. *See id.* That means that defendants know of facts from which the inference could be drawn that a substantial risk of serious harm exists, and they actually draw that inference. *Farmer*, 511 U.S. at 837. Conscious disregard involves intentional or reckless conduct, not mere negligence. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).

The Eighth Amendment entitles prisoners to "adequate medical care," that is, "reasonable measures to meet a substantial risk of serious harm." *See Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). The Eighth Amendment doesn't require "specific care" or "the best care possible." *See id.*; *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Disagreement between defendants and McCorkle, or between two medical professionals, about the proper course of treatment isn't enough to show conscious disregard. *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). If a medical professional has provided some care for a prisoner's condition, she consciously disregards his serious medical need only if her care is so inadequate that it demonstrates an absence of medical judgment, that is, that no minimally competent professional would have responded in that way in the circumstances. *See Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 763 (7th Cir. 2021); *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 989 (7th Cir. 1998). McCorkle must also show that the deprivation of medical care harmed him. *See Lord*, 952 F.3d at 905.

McCorkle faults Kasten for declining his request to see a doctor or go to the hospital even though he said that he was in severe pain after falling. But McCorkle isn't entitled to

specific care. McCorkle alleges that Kasten ordered officers to place him in a wheelchair, said that she didn't see a mark on his back, and told him that he would be seen the next day. It's hard to get a full picture of Kasten's care, but the limited allegations aren't enough to suggest that she ignored McCorkle's condition or based her treatment on nonmedical considerations. I will not allow McCorkle to proceed against Kasten based on these allegations.

I don't take McCorkle to fault Kasten for not providing him pain medication. If he does, the limited allegations don't suggest that Kasten thought that he needed it. Fields provided pain medication a few days later, but a mere difference in opinion between medical professionals doesn't show conscious disregard. I will not allow McCorkle to proceed against Kasten based on this allegation.

McCorkle faults Kasten for the four-day delay before Fields saw him. But McCorkle doesn't allege that Kasten consciously failed to schedule an appointment, or that she knew about that delay. I will not allow McCorkle to proceed against Kasten based on this allegation.

McCorkle faults Fields for denying a wheelchair restriction but, again, he isn't entitled to specific care. Fields prescribed pain relievers, which doesn't suggest conscious disregard. I will not allow McCorkle to proceed against Fields.

## C. Medical negligence

When all federal claims have been dismissed, the general practice in federal court is to decline to exercise supplemental jurisdiction over the related state-law claims. *See Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). Because I've dismissed McCorkle's federal claims, I'll dismiss his state-law negligence claim without evaluating whether it might state a claim. McCorkle fails to establish that this court could exercise federal diversity jurisdiction over this claim because he does not allege that he and defendants are

citizens of different states and nothing in the complaint suggests that they are. McCorkle may replead his medical negligence claim in the amended complaint.

## D. Conclusion

I will allow McCorkle to file an amended complaint that fixes the problems identified in this order. In drafting his amended complaint, McCorkle must:

- Carefully consider whether he's naming proper defendants and omit defendants who didn't personally participate in, or otherwise cause, a violation of his rights. McCorkle must take care to allege what each defendant did, or didn't do, to violate his rights.

- McCorkle should avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that McCorkle believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff Trenton L. McCorkle's complaint, Dkt. 1, is DISMISSED for failure to state a claim.

2. Plaintiff may have until December 27, 2024, to submit an amended complaint that fixes the  problems identified in this order.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a

7

supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff fails to comply with this order, I may dismiss this case.

6. Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

7. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

8. Plaintiff is to be sent a copies of this order and the court's prisoner complaint form.

Entered November 27, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge