IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TRENTON L. MCCORKLE,

                       Plaintiff,

  v.                                                         ORDER

MEGAN T. NEU,                                     24-cv-605-jdp

                       Defendant.

---

Plaintiff Trenton L. McCorkle, who's representing himself, seeks relief under 42 U.S.C. § 1983. Dkt. 1. The court allowed McCorkle to proceed on an Eighth Amendment claim for damages based on the conscious disregard of his safety. Dkt. 11. The complaint's main idea is that Neu failed to assign McCorkle to a low bunk or a top bunk with safety railings even though he had mental health problems and history of falling, which caused him to fall from his top bunk during a subsequent psychotic episode.

Neu moves for summary judgment. Dkt. 26. McCorkle's response is due March 30, 2026.

McCorkle moves for court assistance in recruiting counsel, Dkt. 30, and he petitions the court to issue writs of habeas corpus ad testificandum for two medical professionals and a prisoner, *see* Dkt. 31. For the following reasons, McCorkle's motion for court assistance in recruiting counsel is denied without prejudice, and his petitions for writs of habeas corpus ad testificandum are denied as premature.

ANALYSIS

A. Motion for court assistance in recruiting counsel

McCorkle contends that appointment of counsel is warranted because he has difficulty processing information and several mental health problems. More specifically, McCorkle says that he hears voices that make him mistrust what is in front of him and that he sees and hears things that are not there. *Id.* at 1–2.

A party requesting court assistance in recruiting counsel must show three things: (1) he cannot afford to hire counsel, 28 U.S.C. § 1915(e)(1); (2) he's made reasonable efforts on his own to find counsel, *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); and (3) the legal and factual difficulty of the case exceeds his ability to prosecute it without counsel, *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc). Jones has met the first requirement because he proceeds without prepaying the filing fee, and the court will assume for purposes of this order that he has met the second requirement.

But, on the third requirement, McCorkle hasn't shown that this case involves issues that are too complex for him to handle without counsel. At this stage, the issues in this case are not complex. The factual allegations underlying McCorkle's claim are limited and straightforward. Neu's summary judgment materials do not appear to involve any complex issues. The court's scheduling order contains instructions on how to respond to a motion for summary judgment, which should help McCorkle prepare his response. The court does not doubt that McCorkle's stated educational and mental health problems make litigation generally challenging, but prisoners facing similar obstacles handle issues of comparable or greater difficulty every day in federal courts. McCorkle is entitled to necessary mental health care as a prisoner, so he can work with medical and psychological staff to look for ways to

manage his symptoms. McCorkle has not shown that he requires the assistance of counsel to litigate this case at this stage. His motion is denied without prejudice.

If McCorkle withstands summary judgment, he will be free to renew his motion before trial. But McCorkle will have to explain what trial tasks would be too difficult for him to complete without counsel. McCorkle should also make efforts to write more neatly in any future handwritten submission.

**B. Petitions for writs of habeas corpus ad testificandum**

McCorkle moves the court to issue the writs of habeas corpus ad testificandum pursuant to "Fed. R. Civ. P. 26(3)(a)(iii)." This provision does not exist, so it does not provide any legal authority for the requests. Besides, McCorkle has yet to survive summary judgment, so his requests for the individuals named in the petitions to testify at trial are premature. If McCorkle withstands summary judgment, the court will issue a trial preparation order that contains instructions on, among other trial tasks, calling witnesses to testify at trial.

ORDER

IT IS ORDERED that:

1. Plaintiff Trenton L. McCorkle's motion for court assistance in recruiting counsel, Dkt. 30, is DENIED without prejudice.

2. Plaintiff's petitions for writ of habeas corpus ad testificandum, *see* Dkt. 31, are DENIED as premature.

Entered March 6, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge